IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

DAVID B. EVANS and
JODY M. EVANS,

           Plaintiffs,

v.                                    CIVIL ACTION NO.  5:06-cv-00259

CDX SERVICES, LLC and
JOSEPH A. ZUPANICK,

           Defendants.

MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion for Remand [Docket 7] and Defendants' Motion to

Dismiss Defendant Joseph Zupanick [Docket 3].  For the reasons stated herein, Plaintiffs' motion

is **DENIED** and Defendants' motion is **GRANTED**.

*I.  BACKGROUND*

Plaintiffs filed the instant action in the Circuit Court of Wyoming County, West Virginia, on

March 15, 2006.  (Notice of Removal ¶ 1.)  Plaintiffs David and Jody Evans are residents of Upshur

County, West Virginia.  (*Id.* ¶ 4.)  Defendant CDX Services, LLC ("CDX") is a Texas LLC with its

principal place of business in Texas.  (*Id.* ¶ 5.)  Defendant Joseph Zupanick is a citizen of West

Virginia.  (*Id.* ¶ 6.)

Plaintiffs seek damages from Defendants for Plaintiff David Evans' alleged personal injury

suffered on January 25, 2005, and for Plaintiff Jody Evans' resulting loss of consortium.  On that

date, Mr. Evans was employed by CDX as an assistant driller.  (Compl. ¶ 6.)  Mr. Zupanick was Mr.

Evans' supervisor at CDX. (*Id.* ¶ 3.)  In connection with his position, Mr. Evans was instructed to clear a water line located at Bolt Mountain, Wyoming County, West Virginia. (*Id.* ¶¶ 5-7.)  Mr. Evans went to one end of the water line, while his co-workers attached an air compressor to the other end. (*Id.* ¶ 8.)  In clearing the water line with the air compressor, Mr. Evans' co-workers bypassed the air compressor's pressure regulator, thereby sending excessive air pressure through the water line. (*Id.* ¶ 9.)  When the air pressure reached Mr. Evans' end of the water line, it caused certain equipment to detach from the line and strike Mr. Evans' leg. (*Id.* ¶ 10 & 11.)  As a result of this incident, Mr. Evans' leg was broken and required surgery to repair. (*Id.* ¶ 11.)  Mr. Evans alleges that he incurred the following damages: (1) bodily injury; (2) pain and suffering; (3) loss of wages; (4) loss of earning capacity; (5) loss of ability to perform household services; (6) loss of ability to enjoy life; and (7) humiliation, embarrassment, annoyance, and inconvenience. (*Id.* ¶ 15.)  Ms. Evans alleges loss of spousal consortium. (*Id.* ¶ 17.)  Plaintiffs also seek interest on the judgment and attorney's fees and costs. (*Id.*)

On April 6, 2006, Defendants filed a timely notice of removal bringing the case to this Court. Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332.  Defendants maintain that this case satisfies the jurisdictional requirements of § 1332 because (1) Plaintiffs fraudulently joined the nondiverse defendant, Mr. Zupanick, and he should be dismissed, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.  On May 5, 2006, Plaintiffs filed a timely motion to remand, contending that the amount in controversy does not exceed $75,000. Plaintiffs further maintain that they have stated a cognizable cause of action against Mr. Zupanick.

## II.  DISCUSSION

The threshold question before the Court is whether it has federal subject matter jurisdiction in this case.  Article III of the United States Constitution provides, in pertinent part, that "the judicial Power shall extend to . . . Controversies . . . between Citizens of different States."  Congress has authorized the federal courts to exercise diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states[.]"  28 U.S.C. § 1332(a)(1).

### A.  Fraudulent Joinder

#### (1)  Legal Standard

On the face of Plaintiffs' Complaint, complete diversity of citizenship is lacking because Plaintiffs and Mr. Zupanick are all citizens of West Virginia.  However, the judicially created "fraudulent joinder" doctrine provides an exception to the complete diversity requirement, allowing a district court to assume jurisdiction even if there are nondiverse defendants at the time of removal.  *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232-33 (4th Cir. 1993).  Fraudulent joinder requires neither fraud nor joinder.  Rather, it is "a term of art [which] does not reflect on the integrity of plaintiff or counsel, but is merely the rubric applied when a court finds either that no cause of action is stated against [a] nondiverse defendant, or in fact no cause of action exists."  *AIDS Counseling and Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990).  A finding of fraudulent joinder "permits a district court to disregard, for jurisdictional purposes, the citizenship of nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction."  *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).  To show that a nondiverse defendant has been fraudulently joined  "the removing party must establish either: [t]hat

there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Mayes*, 198 F.3d at 464.  "The party alleging fraudulent joinder bears a heavy burden -- it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 423 (4th Cir. 1999). In fact, the fraudulent joinder standard "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Mayes*, 198 F.3d at 464.  Accordingly, "[a] claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted." *Marshall,* 6 F.3d at 233.

When reviewing the legal sufficiency of a complaint, the court must "accept as true all well-pleaded allegations and must construe the factual allegations in the light most favorable to the plaintiff." *Randall v. United States,* 30 F.3d 518, 522 (4th Cir. 1994).  The court is not, however, "so bound by the plaintiff's legal conclusions, since the purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint." *Id.*  In deciding whether fraudulent joiner has been committed, the court need not limit its jurisdictional inquiry to the facts alleged in the pleadings; the entire record may be considered as a whole in determining whether there is a basis for joinder. *Mayes*, 198 F.3d at 464.  The removing party bears the burden of showing that the district court has original jurisdiction. *Mulcahey v. Columbia Organic Chems. Co.,* 29 F.3d 148, 151 (4th Cir. 1994).

### (2) Motion to Dismiss Mr. Zupanick

Plaintiffs have brought a cause of action against Mr. Zupanick for a deliberate intent workplace injury pursuant to W. VA. CODE § 23-4-2(d)(2)(ii).[1]  Generally, employers in West Virginia who subscribe and pay into the workers' compensation fund cannot be "liable to respond in damages at common law or by statute for the injury or death of any employee, however occurring[.]" W. VA. CODE § 23-2-6.  *See also J.H. Fletcher & Co. v. Allied Chemical Corp.,* 498 F. Supp. 629, 630 (S.D. W. Va. 1980) ("The right of the injured employee to workmen's compensation has been substituted in lieu of his cause of action against the negligent employer and this remedy of compensation is an exclusive remedy.").  Likewise, employees are immune from suit by their co-employees for workplace injuries "when [they are] acting in furtherance of the employer's business[.]" W. VA. CODE § 23-2-6a.  These rules bear one exception.  An employer or co-employee's immunity from tort liability is lost only when they "acted with 'deliberate intention.'" *See* W. VA. CODE §§ 23-4-2(d)(2) ("The immunity from suit provided under this section and under [§ 23-2-6 and § 23-2-6a] may be lost only if the employer or person against whom liability is asserted acted with 'deliberate intention'.") & 23-2-6a.

Deliberate intention must be proven pursuant to one of the two subsections of § 23-4-2(d)(2). The Supreme Court of Appeals of West Virginia has held that § 23-4-2(d)(2)(i) and § 23-4-2(d)(2)(ii) are "two separate and distinct methods of proving 'deliberate intention.'" *Sias v. W-P*

---

[1]  Ms. Evans' claim for spousal consortium is wholly derivative of Mr. Evans' deliberate intent claim, and cannot be asserted independently. *Belcher v. Goins*, 400 S.E.2d 830, 834 (W. Va. 1990) ("In an action for damages, the plaintiff may recover for the loss or the impairment of the services and the society of his wife and of her capacity to engage in sexual intercourse, as elements of consortium, when it appears from the evidence that such loss or impairment results from injuries to his wife which are caused by the negligence of the defendant.")

*Coal Co.*, 408 S.E.2d 321, 326 (W. Va. 1991).  *See also Tolliver v. Kroger Co.*, 498 S.E.2d 702, 714

(W. Va. 1997) (employer immunity may be overcome through showing of deliberate intention or

unsafe working conditions which caused the harm).  Plaintiffs' claim against Mr. Zupanick is

brought only under the second exception of the deliberate intention statute.  A plaintiff can prevail

on this exception if he can prove the existence of the five elements set forth in § 23-4-2(d)(2)(ii).

These five elements include:

> (A) That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;
>
> (B) That *the employer*, prior to the injury, had actual knowledge of the existence of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition;
>
> (C) That the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of *the employer*, as demonstrated by competent evidence of written standards or guidelines which reflect a consensus safety standard in the industry or business, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions;
>
> (D) That notwithstanding the existence of the facts set forth in subparagraphs (A) through (C), inclusive, of this paragraph, *the employer* nevertheless intentionally thereafter exposed an employee to the specific unsafe working condition; and
>
> (E) That the employee exposed suffered serious compensable injury or compensable death as defined in section one [§ 23-4-1], article four, chapter twenty-three whether a claim for benefits under this chapter is filed or not as a direct and proximate result of the specific unsafe working condition.

W. VA. CODE § 23-4-2(d)(2)(ii)(A-E) (emphasis added).

Defendants maintain that Plaintiffs' claim against Mr. Zupanick is not cognizable because § 23-4-2(d)(2)(ii) only provides for actions against employers, and not co-employees. Plaintiffs, however, point to the prefatory language of § 23-4-2(d)(2), which states that actions under that section may be maintained against "the employer or person," and argue that co-employees are subject to suit under both subsections of the statute. Thus, whether a cause of action against Mr. Zupanick exists in this case is a matter of statutory interpretation.

In support of their position, Plaintiffs cite *Weekly v. Olin Corp.*, 681 F. Supp. 346 (N.D. W. Va. 1987). In that case, plaintiffs Mr. and Mrs. Weekly, brought an action in West Virginia state court against Mr. Weekly's employer and workplace supervisor for deliberate intent workplace injury pursuant to § 23-4-2(d)(2).[2] The defendants removed based on diversity of citizenship, arguing that the nondiverse supervisory defendant was fraudulently joined and should be dismissed. In support of their motion to dismiss the supervisor, the defendants argued that § 23-4-2(d)(2) did not support a cause of action against co-employees. The district court denied the motion to dismiss and remanded the case to state court, interpreting § 23-4-2(d)(2)(ii) as "appl[ying] to co-employees[.]" *Id.* at 352. The *Weekly* court based its decision primarily on the introductory language of § 23-4-2(d)(2).

This Court disagrees with the *Weekly* court's conclusion that deliberate intent claims can be maintained against co-employees under § 23-4-2(d)(2)(ii). In interpreting West Virginia's workers' compensation statute, "when the language . . . is clear and unambiguous and the legislative intent is clearly disclosed by such language, it is the duty of the courts to apply such a statute according to

---

[2] At the time the *Weekly* opinion was published, the statute was codified at W. VA. CODE § 23-4-2(c).

the legislative intent therein clearly expressed." *Roberts v. Consolidation Coal Co.*, 539 S.E.2d 478, 493 (W. Va. 2000).  As noted above, employees acting in furtherance of their employer's business are entitled to immunity so long as they do not injure a co-employee with deliberate intention.  Under § 23-4-2(d)(2)(i), an "employer or person" can lose their statutory immunity if they act "with a . . . deliberately formed intention[.]"  Plaintiffs, however, bring their claim against Mr. Zupanick under § 23-4-2(d)(2)(ii).  That section only permits actions against "employers."  The *Weekly* court chose to give no effect to the differing terminology in the two subsections.  The West Virginia Supreme Court of Appeals has recently held, however, that "[T]wo [related] statutes must be read in a fashion to give effect to all of their terms, if possible.  [N]o part of a statute is to be treated as meaningless and we must give significance and effect to every section, clause, word or part of a statute[.]" *Savilla v. Speedway Superamerica, LLC*, No. 33053, 2006 W. Va. LEXIS 113, at * 11 (W. Va. Nov. 15, 2006) (internal quotations omitted).  Construing the foregoing statutes *in pari materia*, this Court holds that co-employees are not subject to suit under § 23-4-2(d)(2)(ii) because that subsection only provides for actions against employers.  Therefore, Mr. Zupanick must be **DISMISSED** as a defendant in this case.

*B.  Amount in Controversy*

Having dismissed the nondiverse defendant, the Court must next determine if the amount in controversy in this case exceeds $75,000.  The test to determine the amount in controversy is not the sum ultimately awarded to the plaintiff, but the sum that is demanded by the plaintiff when the complaint is filed.  *Watson v. Blankinship*, 20 F.3d 383, 387 (10th Cir. 1994).  If the amount in controversy in diversity cases is in doubt, the United States Supreme Court has drawn a sharp distinction between original jurisdiction and removal jurisdiction.  For cases brought in federal court,

it must appear to a legal certainty that the plaintiff's claim is really for less than the jurisdictional amount to justify dismissal. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). For cases instituted in state court and removed, a strong presumption arises that the plaintiff has not claimed an amount large enough to confer jurisdiction on a federal court. *Id.* at 288-290.

If the state court complaint is uncertain or silent as to the amount of plaintiff's claim, then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount. *See Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 935 (S.D.W. Va. 1996). The United States District Court for the Southern District of West Virginia has adopted the "preponderance of the evidence" standard, which defendants must meet in order to avoid remand. *See Patton v. Wal-Mart Stores*, No. 5:05-cv-655, 2005 U.S. Dist. LEXIS 41010, at *5 (S.D. W. Va. Sept. 26, 2005) (Faber, C.J.); *McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 486-89 (S.D. W. Va. 2001) (Haden, C.J.); *Weddington v. Ford Motor Credit Co.*, 59 F. Supp. 2d 578, 583 (S.D.W. Va. 1999) (Hallanan, J.); *Whitney v. State Farm Mut. Auto Ins. Co.*, No. 3:98-cv-0241, 1998 U.S. Dist. LEXIS 22247, at *6 (S.D. W. Va. June 29, 1998) (Chambers, J.); *Sayre v. Potts*, 32 F. Supp. 2d 881, 883-84 (S.D. W. Va. 1998) (Goodwin, J.); *Landmark Corp.*, 945 F. Supp. at 935 (Copenhaver, J.). Under this standard, the removing party must establish that it is more likely than not that the amount in controversy exceeds the jurisdictional amount. *See Weddington*, 59 F. Supp. 2d at 583. Having not previously addressed this issue, the undersigned hereby adopts the preponderance of the evidence standard.

As described more fully above, Plaintiffs allege that they have and will incur various damages as a result of Mr. Evans' injury. While Plaintiffs do not demand any specific monetary award, Defendants contend that the damages described in Plaintiffs' Complaint exceed $75,000. The

Court notes that Plaintiffs' claims for "serious bodily injury," "tremendous pain and suffering," "loss of earning capacity," and "loss of ability to enjoy life" support Defendants' argument.  When the Court "considers the additional elements of pain and suffering and future damages, one can easily conclude the amount in controversy is satisfied." *Campbell v. Rests. First/Neighborhood Rest. Inc.*, 303 F. Supp. 2d 797, 799 (S.D. W. Va. 2004).  Based on the above, the Court **FINDS** that Defendants have met their burden of proving by a preponderance of the evidence that Plaintiffs' claims exceed the jurisdictional amount.

### III.  CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss is **GRANTED** and Plaintiffs' Motion to Remand is **DENIED**.  The Clerk is directed to send copies of this Order to all counsel of record and any unrepresented party.  The Clerk is also directed to post this published opinion at http://www.wvsd.uscourts.gov.

ENTER:        January 4, 2007

_____

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE